FORDHARRISON

366 Madison Avenue | 7th Floor
New York, New York 10017
Tel 212-453-5900 | Fax 212-453-5959

Writer's Direct Contact:

STEVEN BALKEN
212-453-5929
sbalken@fordharrison.com

June 2, 2026

**VIA ECF**

Magistrate Judge Clay H. Kaminsky
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Fahri Cetinyurek, et al. v. DO & CO New York Catering, Inc.,*
**Docket No.: 1:25-cv-06258-CHK**

Dear Magistrate Judge Kaminsky:

This firm represents the Defendant, DO&CO New York Catering, Inc. ("Defendant") in the above-referenced matter. We submit this motion jointly with counsel for the Plaintiffs Fahri Cetinyurek and Kenan Atmaca ("Plaintiffs", and collectively with Defendant, the "Parties") seeking approval of the Settlement Agreement (attached hereto as **Exhibit A**) ("the Agreement") as fair and reasonable.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement correspondence since March of this year. A copy of the Agreement is attached hereto as "**Exhibit A**." We ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

**1. Background**

Plaintiffs filed their complaint against Defendant alleging claims for unpaid overtime and spread of hours wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law ("NYLL") § 650 *et seq.*, and for alleged violation of the notice and wage statement requirements of the NYLL (§§ 195(1) and (3)).

Defendant employed Plaintiffs as sous chefs at its airline catering kitchen at John F. Kennedy airport. Plaintiffs, *inter alia*, allege they were misclassified as exempt-workers while allegedly working over forty hours per week and multiple days per week in excess of ten hours without overtime or spread-of-hours pay. Defendant denies Plaintiffs' allegations, *inter alia*, contending that Plaintiffs were properly classified as exempt, and disputing Plaintiffs' hours

estimate based on Defendant's review of Plaintiffs' time and attendance records. In turn, Plaintiffs dispute the accuracy of Defendant's records.

After this matter was filed, Plaintiff Atmaca and Defendant stipulated to arbitrate his claims based on a binding arbitration agreement. His claims were thereafter stayed, but this Court retains jurisdiction over the claims, including for purposes of approving the Agreement.

**2. The Settlement Terms are Fair and Reasonable**

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 14 CV 311(LB), 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties heavily negotiated for several months exchanging multiple iterations of wage and hour calculations and debating the legal, factual, and documentary grounds for Plaintiffs' exempt classification and hours worked. Ultimately, the parties agreed on a settlement value of $70,000.00. This final figure split the difference between Plaintiffs' last demand and Defendant's last offer. Under the Agreement, Plaintiffs will receive approximately 74% of their alleged unpaid overtime wages as calculated by Plaintiffs' counsel, which calculations were strenuously disputed by Defendant in the absence of records definitively establishing total weekly hours worked.

Thus, the parties had genuine, *bona fide* factual and legal disputes regarding Plaintiffs' claims but both sides negotiated in good faith to compromise with a fair and reasonable settlement amount. *See Meigel v. Flowers of the World, NYC, Inc.*, No. 11 CIV. 465 KBF, 2012 WL 70324, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

**3. Plaintiffs Maintain that their Attorneys' Fees are Fair and Reasonable**

Plaintiffs' counsel, Pechman Law Group PLLC ("PLG"), has spent significant time investigating the factual and legal issues raised in this Action, engaging in pre-litigation resolution attempts, preparing Plaintiffs' Complaint, reviewing payroll records produced by Defendant, calculating and revising damages calculations in light of the Parties' disputes, and engaging in extensive settlement efforts. PLG has used its experience in litigating wage-and-hour disputes to provide a positive result for Plaintiffs. Under the Agreement, and in accordance with Plaintiffs' retainer agreements with PLG which are attached to this Motion as **Exhibit B**, Plaintiffs' counsel will receive $23,920.00 from the settlement fund. This represents one third of the recovery in this

litigation after reimbursement of PLG's out-of-pocket costs. Costs in this Action total $881.36, inclusive of: (1) the $405 filing fee, (2) $64.40 for service of the Complaint and summons on Defendant, and (3) a $411.96 JAMS filing fee for Atmaca prior to the Parties' settlement.

The contingency fee in this case should be approved because it is the fee Plaintiffs agreed upon in their retainer agreements. *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). Moreover, the one-third contingency is the fee which courts consider to be presumptively valid in FLSA cases. *See, e.g.*, *Oxley v. Excellent Home Care Servs., LLC*, No. 18 CIV. 2374 (RJD) (CLP), 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), *report and recommendation adopted*, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) ("Settlements of a one-third percentage are typically found reasonable in this Circuit"); *Angamarca v. Hud-Moe LLC*, No. 18 CIV. 1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018) ("A contingency fee award is presumptively valid where the proposed fee amount is exactly one-third of the net settlement amount[.]") (internal quotation and quotation marks omitted); *Marquez v. Roberto's Rest. Corp.*, No. 16 CIV. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. Nov. 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Ezpino v. CDL Underground Specialists, Inc.*, No. 14 CIV. 3173 (DRH) (SIL), 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") (internal citations omitted).

While courts have held that a lodestar cross check is unnecessary in the context of approval of individual FLSA settlements, *see, e.g.*, *Almanzar v. Silver Star Props. Corp.*, 699 F. Supp. 3d 253, 256 (S.D.N.Y. 2023), to the extent the Court determines a lodestar cross check is necessary, the award is fair here.[1] PLG's lodestar of $24,997.50 to date in this matter is greater than the contingency fee, and the award is fair and reasonable in light of the result obtained and the "considerable risk" PLG undertakes by representing plaintiffs in FLSA cases on a contingency fee basis. *See, e.g.*, *Cortes v. New Creators, Inc.*, No. 15 CIV. 5680, 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (noting risks associated with contingent fees in FLSA cases) (collecting cases). The lodestar multiplier of 0.96 is also comfortably within the range that courts in this Circuit regularly approve in contingency fee cases. *See, e.g.*, *Lesser v. TIAA Bank, FSB*, No. 19 CIV. 1707 (BCM), 2020 WL 6151317, at *4 (S.D.N.Y. Oct. 20, 2020) ("[W]hen analyzing the fairness of a fee award under *Cheeks*, courts in this district will often approve lodestar multipliers between two and four times.") (quotation and internal quotation marks omitted); *Valencia v. Nassau Country Club*, No. 18 CIV. 2724 (LDH) (JO), 2020 WL 7249440, at *2 (E.D.N.Y. Oct. 19, 2020) ("[C]ourts approving the settlement of FLSA claims in this district often approve fee allocations that represent up to twice the reasonable lodestar or even more.") (citations omitted). As such, PLG maintains that the contingency fee in this case is fair and reasonable, and should be approved. Defendant does not contest its reasonableness.

[1] A copy of PLG's contemporaneous billing records is attached to this Motion as **Exhibit C**.

**4. Conclusion**

The parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations over a *bona fide* dispute between capable counsel. The Agreement is compliant with *Cheeks* in all respects. Plaintiffs' release is limited to wage-and-hour claims, the Agreement does not contain a confidentiality provision, and the non-disparagement provision does not prohibit Plaintiffs from providing truthful statements about this Action and their experiences litigating this case. As such, the parties respectfully request that the Court approve the settlement.

Respectfully submitted,

Steven Balken

Steven Balken

Cc: Plaintiffs' Counsel (Via ECF)