# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and between FAHRI CETINYUREK ("Cetinyurek") and KENAN ATMACA ("Atmaca"), (together, "Plaintiffs") and DO&CO NEW YORK CATERING, INC. ("Defendant"). Plaintiffs and Defendant may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, on November 10, 2025, Plaintiffs commenced a lawsuit in the United States District Court for the Eastern District of New York under case number 1:25-cv-06258, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Lawsuit").

**WHEREAS**, on March 24, 2026, the Court so ordered a stipulation of the Parties, staying Atmaca's claims pending arbitration ("Stipulated Order").

**WHEREAS**, the arbitration demand filed by Atmaca pursuant to the Stipulated Order shall be withdrawn as a result of this Agreement.

**WHEREAS**, Defendant denies any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiffs.

**WHEREAS**, following settlement negotiations between counsel for the Parties, the Parties elected to resolve the Lawsuit and any claims by Atmaca that were severed/stayed from the Lawsuit by the Stipulated Order (collectively, the "Action"), by the terms of this Agreement rather than bear the time and expense of further proceedings, including possible trial and a possible arbitration hearing.

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

**1.** **Settlement Payment**. In consideration of Plaintiffs' execution of this Agreement, and the promises and covenants contained herein, Defendant shall pay Plaintiffs the settlement amount of Seventy Thousand Dollars and 00/100 Cents ($70,000.00) (the "Settlement Payment") on or before seven calendar (7) days following the Court's approval of this Agreement. The breakdown for the distribution of the Settlement Payment is as follows:

(a) The breakdown for the distribution of the Settlement Payment is as follows:

(i) Payment of Thirteen Thousand Eight Hundred and Twenty-Two Dollars and 50/100 Cents ($13,822.50) less all relevant taxes and other withholdings in full satisfaction of all claims Cetinyurek may have for alleged, but disputed, lost wages/overtime/ spread of hours pay/benefits/interest to be paid to "Fahri Cetinyurek" via check. Defendant shall issue an IRS Form W-2 to Cetinyurek for this amount.



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc

(ii) Payment of Thirteen Thousand Eight Hundred and Twenty-Two Dollars and 50/100 Cents ($13,822.50) in full satisfaction of all claims Cetinyurek may have for alleged, but disputed, liquidated damages to be paid to "Fahri Cetinyurek" via check. Defendant shall issue an IRS Form 1099 to Cetinyurek for this amount.

(iii) Payment of Nine Thousand Two Hundred and Seventeen Dollars and 50/100 Cents ($9,217.50) less all relevant taxes and other withholdings in full satisfaction of all claims Atmaca may have for alleged, but disputed, wages/overtime/spread of hours pay/benefits/interest to be paid to "Keenan Atmaca" via check. Defendant shall issue an IRS Form W-2 to Atmaca for this amount.

(iv) Payment of Nine Thousand Two Hundred and Seventeen Dollars and 50/100 Cents ($9,217.50) in full satisfaction of all claims Atmaca may have for alleged, but disputed, liquidated damages, to be paid to "Keenan Atmaca" via check. Defendant shall issue an IRS Form 1099 to Atmaca for this amount.

(v) Payment of Twenty-Three Thousand Nine Hundred and Twenty Dollars and 00/100 Cents ($23,920.00) in full satisfaction of all claims Plaintiffs may have for attorney's fees, costs, and disbursements, paid directly to Plaintiffs' counsel, Pechman Law Group PLLC via check. Defendant shall issue an IRS Form 1099 to Plaintiffs' counsel for this amount.

(b) Defendant shall deliver the checks specified in subparagraphs 1(a) by mail to Plaintiffs' counsel's office address at Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022.

(c) In order to receive the Settlement Payments, Plaintiffs must: (i) execute and return this Agreement to Defendant's counsel; (ii) complete and return IRS Forms W-4 and W-9 for Atmaca and Cetinyurek to Defendant's counsel; (iii) provide Defendant's counsel with an IRS Form W-9 completed by Plaintiffs' counsel; and (iv) provide Defendant's counsel with the Stipulation of Dismissal with Prejudice attached hereto as **Exhibit A**, executed by Plaintiffs' counsel, which shall be held by Defense Counsel in escrow until delivery of the Settlement Payments to Plaintiffs' counsel. In order to ensure timely payment of the Settlement Payments under the terms of Paragraph 1(a), the documents required by this paragraph must be received no less than two (2) business days in advance of any Court hearing scheduled to approve this Agreement. Plaintiffs understand that any delay in providing these documents may result in an equal delay of the Settlement Payments.

(d) To the extent there are any tax consequences to Plaintiffs and/or Defendant arising from the Settlement Payment, the Parties agree to be responsible for their share of any taxes owed. If, for any reason, it is determined by any federal, state or local authority that any portion of the Settlement Payment should have been subject to taxation or withholding, Plaintiffs agree that Plaintiffs shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith on monies Plaintiffs may owe, and that Plaintiffs shall indemnify Defendant and hold Defendant harmless from any such withholding or tax payment, interest or penalties required to be paid by Defendant thereon, except Defendant's share of any FICA or other payment that may be due from Defendant.



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc

2. **Release**. In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendant and Defendant's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and its officers, directors, members, partners, trustees, current and former employees agents, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (the "Releasees") for any and all charges, complaints, claims, causes of action which Plaintiffs at any time have, had, claim or claimed to have against Releasees relating specifically to the wage and hour claims asserted under the Fair Labor Standards Act and New York Labor Law in the Action that have occurred as of the date of this Agreement.

3. **Representations and Warranties**. The Parties each represent, warrant, and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiffs and Defendant as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate, and thecontents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

(c) Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class or collective, against Defendant or Releasees based on any claims that are referred in Paragraph 2 of this Agreement. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendant or any other Releasee identified in this Agreement is a party based on any claims that are referred to in Paragraph 2 of this Agreement. Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in Paragraph 2 of this Agreement.

(d) Plaintiffs expressly understand and agree that the obligations under this Agreement and the tender of the payment described herein are in lieu of any and all other amounts to which Plaintiffs might be, are now, or may become entitled to receive from Defendant upon any claims asserted in the Action and referenced in Paragraph 2 of this Agreement. To the maximum extent permitted by law, Plaintiffs expressly waive any other right or claim that Plaintiffs may have, or may assert, regarding claims against Defendant for payment of minimum wage, regular wage, spread of hours pay, interest, bonuses, overtime, other benefits, liquidated damages, or attorney's fees, costs, or disbursements, with respect to or derivative from Plaintiffs' employment with Defendant as of the date of this Agreement. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs referenced in Paragraph



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc

1 of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over a provision of the FLSA and NYLL.

(e) As of the date of execution of this Agreement, Plaintiffs are unaware of any individual(s) who is ready, willing, and able to file a civil action, arbitration, or administrative action for damages, or otherwise proceeding in any manner, against Defendant or Releasees (as defined herein, including all related entities/individuals noted in Paragraph 2), for any of the type of claims asserted in the Action.

(f) The Parties state that they have carefully read the Agreement, fully understand it, have had a reasonable time to review it, and are signing it voluntarily.

**4. Settlement Approval and Voluntary Dismissal with Prejudice.**

(a) This Agreement is subject to approval by the Court and shall not be effective until approved. In the event the Court does not approve the Agreement, the Parties agree to work in good faith to execute a revised agreement to submit for Court approval.

(b) Plaintiffs hereby authorize and direct Plaintiffs' attorney to execute, send to Defendant's counsel for execution, and file with the United States District Court for the Eastern District of New York, the Stipulation of Dismissal with Prejudice for the Lawsuit attached hereto as **Exhibit A**.

**5. Non-Admission.** This Agreement shall not in any way be construed as an admission by Defendant that it acted wrongfully with respect to Plaintiffs or any other individual, or that Plaintiffs have any rights whatsoever against Defendant. Defendant specifically disclaims any liability for any purported wrongful acts against Plaintiffs on the part of itself, its officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendant as to any allegations set forth in the Action. All parties acknowledge the Action as being settled to avoid further litigation and its concomitant expense.

**6. Non-Disparagement.** Plaintiffs will not make any knowingly, intentionally, or maliciously false statements about or relating to Defendant (including its products and services), verbally or in writing. Defendant, unless otherwise required by law or regulation, in response to any employment inquiry concerning Plaintiffs, shall only respond by providing the following information: (a) the dates of employment; (b) the position(s) held; and (c) a general description of the job duties and responsibilities. Nothing in this section is intended to prohibit Plaintiffs from making truthful statements about this Action or their experiences litigation this Action. Nothing in this section is intended to bar the Parties from, without notice to the other Parties, communicating with government agencies, providing information to government agencies, participating in government agency investigations, filing a complaint with government agencies, or testifying in government agency proceedings concerning any possible legal violations or from receiving any monetary award for information provided to a government agency. Moreover, this section is not intended to, and does not purport to, infringe on the Parties' rights protected by Section 7 of the National Labor Relations Act. Additionally, this Section shall not apply to communications between the Parties.



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc

**7.** **Applicable Law.** This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the Federal Laws and the laws of the State of New York, and the U.S. District Court for the Eastern District of New York shall have jurisdiction over any enforcement action.

**8.** **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement are held invalid, the invalidity shall not affect other provisions or application of theAgreement that can be given effect without the invalid provision or application.

**9.** **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party, agent, representative, or attorney, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties relating to Plaintiffs' FLSA and NYLL claims. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter of Plaintiffs' FLSA and NYLL claims, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning Plaintiffs' FLSA and NYLL claims.

**10.** **No Modification Except in Writing.** This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement.

**11.** **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Electronic signatures, including signatures using a program such as DocuSign, are acceptable as physical signatures.

**THEREFORE**, the Parties to this Settlement Agreement and Release now voluntarily, freely and knowingly execute this Agreement.

**PLAINTIFFS:**

| | |
|---|---|
| [signature] | 05 / 27 / 2026 |
| KEENAN ATMACA | Date |
| [signature] | 05 / 27 / 2026 |
| FAHRI CETINYUREK | Date |

**Agent Authorized to Sign on Behalf of DO&CO NEW YORK CATERING, INC.:**

| | |
|---|---|
| [signature] | May 29, 2026 |
| Marcin Zola<br>General Counsel | Date |



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc

# EXHIBIT A



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FAHRI CETINYUREK and KENAN ATMACA,

Plaintiffs,

v.

DO&CO NEW YORK CATERING, INC.

Defendant.

Case No.: 1:25-cv-06258-CHK

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsels for Plaintiffs FAHRI CETINYUREK and KENAN ATMACA ("Plaintiffs") and Defendant DO&CO New York Catering, Inc. ("Defendant") in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed in its entirety, with prejudice and without costs or attorneys' fees to any party.

Dated: New York, New York
May 27, 2026

**PECHMAN LAW GROUP PLLC**

By: ______________________
Louis Pechman
Galen C. Baynes
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel. No.: (212) 583-9500
Email: pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiffs*

Dated: New York, New York
June 2, 2026

**FORDHARRISON LLP**

By: ______________________
Johanna G. Zelman
Richard Bahrenburg
Steven Balken
366 Madison Avenue, 7th Floor
New York, New York 10017
Tel. No.: (212) 453-5900
Email: jzelman@fordharrison.com
rbahrenburg@fordharrison.com
sbalken@fordharrison.com
*Attorneys for Defendant*

**SO ORDERED:**

______________________



Doc ID: 84bc7c5cced7bd03e858d24e507ca920e168bcdc